United States District Court
District of Massachusetts

FILED
IN CLERKS OFFICE

H. Saif Sabree, on behalf of
himself and all other Black
prisoners serving second
degree life terms similarly
situated, pro se,
                Petitioners,

VS.

Mitt Romney, Governor of the
Commonwealth of Massachusetts,
Kerry Healey, Lieutenant
Governor of the Commonwealth
of Massachusetts,
Secretary, Executive Offices of
Public Safety,
Maureen Walsh, Chairwoman
of the Massachusetts Parole
Board,
Donald V. Giancioppo,
Executive Director of the
Massachusetts Parole Board,
Daniel Dewey, Member
Massachusetts Parole Board,
Doris Dottridge, Member
Massachusetts Parole Board,

2006 MAY 19  P 3: 27

U.S. DISTRICT COURT
DISTRICT OF MASS.

Civil Action
Number

**06-10901JLT**

MAGISTRATE JUDGE Bowler

Verified Civil
Rights Complaint
With A Jury
Demand

P3.2

Candace Kochin, Member
Massachusetts Parole Board,
Deborah McDonagh, Member
Massachusetts Parole Board,
Thomas F. Merrigan, Jr.,
Member Massachusetts Parole
Board, and
Kathleen M. Dennehy, Commissioner
Massachusetts Department of
Corrections and
David Kuppenheimer, Sex Offender
Treatment Program Coordinator
Massachusetts Department of
Corrections,
                    Respondents.

I.          Introductory Statement.
    1. This is a section 1983 action, brought by
a pro se state prisoner, H. Jay Sabbe, seeking
declaratory judgment, injunctive relief and
damages, against the above-named defendants,
as he is alleging, inter alia, he has been
subjected to race and gender based discrimination
with animus - attached, relative to "purgatory
catch-22 preparole conditions of release," regarding

his state created and protected liberty interest in prepatole and parole release as all other similarly situated prisoners, as he further alleges that the defendants have subjected him to vendictive, sadistic and malicious psychological cruel and unusual punishment as a prisoner, in violation of his rights to the substantive due process and equal protection under law, federal and state constitutions.

II.        Jurisdictional Statement

2. This is a civil rights action under 42 U.S.C.A. sect. 1983, et seq. This court has jurisdiction under 28 U.S.C.A. sect. 1343(3). Petitioner also invokes the pendent jurisdiction of this Court. And he reprs the court to his hereto-attached affidavit in support of his complaint.

III.        Parties

3. The petitioner, H. Jay Aubree (petitioner), is a state prisoner currently serving a second-degree life term within the jurisdiction of the Massachusetts Department of Corrections (DOC), and at all times relevant to the herein alleged events, was incarcerated within the DOC, as he brings this action on behalf of himself and all other

prisoners of African descent similarly situated.

4. The respondent, Mitt Romney, is the duly elected Governor of the Commonwealth of Massachusetts, he is its chief executive operating officer, a public employee and is responsible for the appointment of the Secretary, Executive Offices of Public Safety, the Chairwoman and Members of the Massachusetts Parole Board and the Commissioner of the Massachusetts Department of Corrections, and his normal place of business is located at the Massachusetts State House, Beacon street, Boston, Mass. 02133.

5. The respondent, Kerry Healey, is the duly elected Lieutenant Governor of the Commonwealth of Massachusetts, she is a subordinate of the governor's and public employee, who at the direction of the governor is responsible for overseeing the department of public safety which includes the parole board and department of corrections, and her normal place of business is located at the Massachusetts State House, Beacon street, Boston, Mass. 02133.

6. The respondent, Secretary, Executive Offices of Public Safety, is an appointed

subordinate of the governor, and a public
employee who primary responsibility is law
enforcement and direct supervision of the
parole board and department of corrections,
and his normal place of business is located
at One Ashburton Place, Boston, Mass. 02108.

7. The respondent, Maureen Walsh, is the
chairwoman of the parole board and its
chief executive operating officer responsible
for day to day operations and she is a public
employee, whose normal place of business
is located at P.O. Box 647, 47 Hospital
road, Medfield, Mass. 02026.

8. The respondent, Donald V. Giancioppo,
is the executive director of the parole board,
he is a subordinate of the chairwoman, and
he is a public employee, whose normal place
of business is located at P.O. Box 647, 47
Hospital road, Medfield, Mass. 02026.

9. The respondent, Daniel Dewey, is a
voting member of the parole board, a subordi-
nate of the chairwoman and he is a
public employee, whose normal place of
business is located at P.O. Box 647, 47
Hospital road, Medfield, Mass. 02026.

10. The respondent, Doris Dottridge, is a

voting member of the parole board, a subordinate of the chairwoman, and she is a public employee, whose normal place of business is located at P.O. Box 647, 47 Hospital road, Medfield, Mass. 02026.

11. The respondent, Candace Kochin, is a voting member of the parole board, a subordinate of the chairwoman, and she is a public employee, whose normal place of business is located at P.O. Box 647, 47 Hospital road, Medfield, Mass. 02026.

12. The respondent, Deborah McDonagh, is a voting member of the parole board, a subordinate of the chairwoman, and she is a public employee, whose normal place of business is located at P.O. Box 647, 47 Hospital road, Medfield, Mass. 02026.

13. The respondent, Thomas F. Merrigan, Jr., is a voting member of the parole board and a subordinate of the chairwoman, and he is a public employee, whose normal place of business is located at P.O. Box 647, 47 Hospital road, Medfield, Mass. 02026.

14. The respondent, Kathleen M. Dennehy, is the commissioner of the department of corrections, she is its chief executive officer who

is responsible for its day to day operations, and
she is a public employee, whose normal place
of business is located at 257 Maple street,
Suite 3, Milford, Mass. 01757.

15. The respondent, David Ruppenheimer, is
the sex offender treatment program coordinator
for the department of corrections, he is a public
employee and his normal place of business is
located at P.O. Box 43, 2 Clark street, Norfolk,
Mass. 02056.

16. The respondents, collectively and
individually, relative to the hereinafter alleged
events, "have all acted under color of state law,"
and are being sued in their personal and
official capacities.

IV.          Statement of the Facts.

17. The plaintiff alleges that the defendants who
are all white with the exception of the defendant
Dottridge, jointly and individually, have subjected
him as a prisoner serving a 1974 sex offense
conviction under Mass. Gen. Law, chapt. 265, sect.
22, to racial and gender discrimination, vindictive,
sadistic and malicious psychological torture and
cruel and unusual punishment relative to a

state created and protected liberty interest in parole
and "purgatory catch-22 reserve preparole conditions
of release," infra.

18. The plaintiff also alleges that the defendants,
jointly and individually, have deliberately violated
his rights to the substantive due process and
equal protection under the federal and state
constitutions and laws, relative to M.G.L. c. 123A,
sect. 12(a) and 6; M.G.L. c. 127, sect. 49, 1.27-32
and M.G.L. c. 211E, sect. 3(i).

19. The defendants have further given the
plaintiff the "unique distinction" of being the
only prisoner convicted on a sex offense that
was granted a parole by the defendants but
denied the substantive due process and equal
protection under law as required of all
prisoners with convictions subject to C. 123A,
sect. 6 and 12(a), as was done for all other
similarly situated prisoners granted paroles
that pre-dated and post-dated the plaintiff's
grant of parole by the board, under statute.

20. The plaintiff together with two co-defen-
dants on June 7, 1974, on a joint venture conviction
in the Suffolk Superior Court was tried, convicted
and sentenced on charges of armed robbery, armed
assault in a dwelling house and rape, exhibit
1, aff'd of plaint., pg. 3, paragr. 2.

pg. 9

21. The plaintiff was sentenced to a life term in the second degree on the charge of rape and to two concurrent but consecutive terms of six to ten years on the charges of armed robbery and armed assault in a dwelling house, exhibit 1A and 1B, supra. Aff'd of plaint, pg. 3, paragr. 3.

22. On December 4, 1974, pursuant to M.G.L. c.123A, sect. 6, st. 1958, c.646, sect. 1, and according to the protocol evaluation in effect at the time of the commission of the alleged offense, the plaintiff examined and lawfully adjudicated as a non-SDP (non-sexually dangerous person) by a doctor from the bridgewater state hospital treatment center. exhibit 2, Aff'd of plaint, pg. 3, paragr. 4.

23. As a result of the plaintiff's lawfull c.123A, adjudication as a non-SDP, he was allowed to participate and a variety of department of corrections (DOC) rehabilitation programs and during his stay in a DOC level three non-walled facility, in December 1988, pursuant to M.G.L. c.127, sect. 133A, he was granted a parole permit to be at liberty from the life term, to timely commence service of his then consecutive terms. exhibit 3 thru 8, Aff'd of plaint, pg. 3, paragr. 5.

24. Again, in July 2003 the plaintiff was granted a second parole from the life term, with a preparole stipulation of release by the parole board, "Reserved after 6 months in minimum [level 3] to Florida Interstate Compact." Inter alia. emphasis added. exhibit 9, Aff'd of plaint, pg. 4, paragr. 6.

25. Beginning in December 2003 to date the plaintiff requested at each of his DOC classification hearing the level three minimum security non-walled transfer to meet his reserved parole conditions of release and was denied at each of the DOC classification hearings. exhibits 10 thru 14, 21, 25. Aff'd of plaint., pg. 4, paragr. 7.

26. The plaintiff's request for level three transfer to meet parole release conditions were denied for no other reason than his have a sex offense conviction on his criminal record and as far as the womans' movement and DOC is concerned, regardless of the state of past or current law, even if the plaintiff complete the DOC SOTP (sex offender treatment program), he would never be allowed to achieve a level three nonwalled minimum security transfer for any reasons. exhibits 10

thru 14, 20 thru 28, aff'd of plaint, pg. 4, paragr. 7.

27. From May 2004 thru January 2006, the plaintiff made four request to the parole board for a change of vote to grant him a straight parole release date, pursuant to M.G.L.c. 123A, sect. 12 (a) and M.G.L.c. 211E, sect. 3 (3), and each was denied by the parole board, and he was told by the board that he "must move to lower security as noted by the parole board." A Purgatory Catch-22 reserve preparole conditions of release. exhibits 14 thru 15, 26 thru 28.

28. The board's exhibit 13 statement "Further update of his medical status would be helpful." refers to his 2002 medical diagnoses of suffering from an uncommon chronic condition of 4A European genetic strain of the Hepatitis-C virus, which has rendered him in severe stage-three (out of four) with liver fibrosis and inflammation of the liver. exhibit 16 thru 17, aff'd of plaint. pg. 5, paragr 8.

29. Regardless of a thirteen-weeks of treatment from July 2004 thru October 2004 with the advanced treatment therapy of Peg-Intron for his disease, he was informed by medical staff on October 6, 2004 that he was among the eighty-percent of blackmen who

did not respond to the treatment successfully and untreatable for the hepatitis-C virus, exhibit 16-17, supra. Aff'd of plaint., pg. 5, paragr. 9.

30. The parole boards' grant to the plaintiff as a second degree lifer serving a 1974 sex offense conviction with a reserve parole with "purgatory catch-22 condition of release that the board knew in advance that the plaintiff would not be allowed to reach within the D.O.C.," was vendictive, sadistic and malicious psychological torture and cruel and unusual punishment, predicated upon race and gender, in violation of M.G.L.C. 211E, sect. 3(i), exhibit 13 thru 15. Aff'd of plaint., pg. 6, paragr. 10.

31. The plaintiff also alleges that the defendants have subjected him and other black prisoners serving second degree life terms to racial and gender discrimination regarding preparole condition of release from January 2000 to date, for reasons being, white second degree lifers are given expedited release dates and conditions of release while black prisoners are given heighten reserve preparole conditions of release, which take a black lifer up to two years to receive a parole release date. exhibit 19. Aff'd of plaint, pg. 6-10, paragr. 11 (a-d), paragr. 12 (a-b) and paragr. 13-15

32. The defendants have given the plaintiff the very unique distinction of being the only prisoner convicted on a sex offense denied the substantive due process and equal protection under law, relative to all other prisoners similarly situated were were or are not serving second degree life terms with the DOC and granted "reserve preparole/parole conditions of release, pursuant to C.123A, sec. 12(a) and C.211E, sec. 3(1). Aff'd of plaint., pg. 11, paragr. 16.

33. The defendants, the parole board knew when they granted the plaintiff's reserve preparole conditions of release that the DOC would not "classify any prisoner with a sex offense on his record" to a level three nonwalled minimum security facility as a matter of custom and practice since September 1999 for parole purposes or otherwise, and then was denied by the defendants four request for a change of vote based on the DOC policy. Aff'd of plaint., pg. 11, paragr. 16, supra, and paragr. 17.

34. Prior to and approximate to my July 2003 parole hearing two white prisoners went before the parole board, one with the same parole issues and conviction as the plaintiffs (sexual assault) and the second prisoner with

pg. 14

the same medical issues as the plaintiff, chronic hepatitis-C virus and in-stage liver fibrosis, Gerald Julie Amiault and William Billy Royce, who each were provided the substantive due process guaranteed under law and parole regulations and policies. Aff'd of plaint, pg. 14-15, paragr. 34(a-b).

35. The defendants, based on the plaintiff's race (black) and his gender (male), have deliber-ately denied him the substantive due process by playing a game of Lucy and the football from the world of Charles Schultz relative to his state created and protected liberty interest in reserve parole release date, because of the race (white) and gender (female) of his alleged victim and the alleged offense (sexual assault), and the race (white) and gender (female) of the commiss-ioner of the DOC and the parole board. exhibits, 8 thru 15 and 18 thru 28.

36. The defendants, have deliberately denied the plaintiff the equal protection of law, pursuant to M.G.L.c. 123A, sect. 6 and 12(a) and M.G.L.C. 211E, sect. 3(i), exhibit 15, supra, as they have subjected him to "purgatory catch-22" reserve parole conditions of release, by the parole board when he was told he had to achieve a lesser security transfr, exhibit 9, supra, and the DOC telling

him to complete the DOC SOTP to qualify for a lesser security transfer, when each defendant knew that no current or past sex offenders has been transfered to a lesser security nonwalled state facility since September 1999 by DOC unwritten custom and practices.

37. The defendants action, relative to the purgatory catch-22 reserve parole conditions of release imposed upon the plaintiff, were nothing less than a game of Lucy and the football base on his race and gender, and were meant to be vendictive, sadistic and malicious psychological torture and cruel and unusual punishment of a prisoner, for his prior exercise of First Amendment rights to petition the government via the court, for redress of grievances. see Anbree v. Chair. Mass. Parole Board, et al., 437 MASS. 589 (2005); C.A. No. 02-2254 (U.S. Dist. Court, Zobel, D.J.); A.C. No. 03-2163 (U.S. App. Ct.) and S. Ct. No. 05-5584 (certiorari denied).

## Claims Of Relief
### First Cause of Action

**V.**

38. The actions of the defendants as stated in paragraphs 17 thru 37 denied the plaintiff the substantive due process and equal

protection of law in violation of his First and Fourteenth Amendments.

39. Plaintiff's Fourteenth Amendment rights to be from racial and gender based discrimination with animus-attacked, was violated when

a. the defendants, relative other similarly situated white prisoner, subjected him as a black prisoner, because of the race (white) and gender (female) of his alleged victum and his alleged offense (sexual assault) and the race (white) and gender (female) of the commissioner of the department of corrections (DOC) and the parole board, to heighten standards of parole release.

b. the defendants, relative to other similarly situated white prisoners, have subjected the plaintiff to retaliatory and punitive parole action when they granted him a reserve parole with "purgatory catch-22" conditions of release the defendants knew in advance the DOC based on unwritten custom and policy practices would not allow the plaintiff to meet within the DOC as a 1974 convicted sex offender whom they have not granted a level three nonwalled minimum security transfer since September 1999, based on gender. exhibits 18 thru 28.

Second Cause of Action.

40. The actions of the defendants as stated in paragraphs 17 thru 37 denied the plaintiff right to to be free cruel and unusual punishments of a prisoner in violation of the First, Eighth and Fourteenth Amendments.

41. The plaintiff's First, Eighth and Fourteenth Amendment rights were deliberately violated by the defendants when they acted towards him in a retaliatory and punitive manner when the defendants in July 2003 granted him a reserve parole with "purgatory catch-22" conditions of release, which the defendants knew in advance of the granted reserve parole release conditions he would not be allowed to meet within the DOC since September, 1999, paragraph 39(a) supra, as a vendictive, sadistic and malicious act, which cause psychological cruel and unusual punishment for the plaintiff's prior exercise of protected First Amendment activities to petition his government for redress of grievances regarding his state created liberty interest. exhibits 18 thru 28.

Third Cause of Action

42. The actions of the defendants stated in paragraphs 17 thru 37 denied the plaintiff rights to the substantive due process and equal protection of law in violation of the Articles One, Twelve and Twenty-Four of the Massachusetts Consti-

tution / Declaration of Rights.

43. Plaintiff's Article One and Twelve rights to the substantive due process and equal protection of law to be free from raced and gender based discrimination with animus-attached, ~~was~~ violated when

a. the defendants, relative to other similarly situated white prisoner, subjected him as a black prisoner, because of the race (white) and gender (female) of his alleged victim and his alleged offense (sexual assault) and the race (white) and gender (female) of the commissioner of the department of corrections (DOC) and the chairperson of the parole board, to heighten standards of parole release.

6. the defendants, relative to other similarly situated white prisoners, have subjected the plaintiff to retaliatory and punitive action when they granted him a reserve parole with "purgatory catch-22" conditions of release the defendants knew in advance the DOC based on unwritten custom and policy practices would not allow the plaintiff to meet within the DOC as a 1974 convicted sex offender whom they have not granted a level three minimum/walled minimum security transfer since September 1999, based on gender. exhibits 18 thru 28.

pg. 18

## Fourth Cause of Action

44. The actions of the defendants, stated in paragraphs 17 thru 37 denied the plaintiff's rights to the substantive due process and equal protection of law in violation of Article One, Twelve and Twenty-Four of the Massachusetts Constitution/Declaration of Rights.

45. The plaintiff's Article One, Twelve and Twenty-Four rights were deliberately violated by the defendants when they acted towards him in a retaliatory and punitive manner, relative to other similar situated white prisoner's, when the defendants in July 2003 granted him a reserve parole with "purgatory catch-22" conditions of release, which the defendants knew in advance of the granted reserve parole release conditions he would not be allowed to meet within the DOC based on unwritten custom and policy practices as a convicted sex offender, 1974, whom the DOC has not granted a level three nonwalled minimum security transfer since September 1999, paragraph 43(a-b), based on gender, and as a vendictive, sadistic and malicious act, which caused psychological cruel and unusual punishment for the plaintiff's prior exercise of protected First Amendment activities to petition the government for the redress of grievances regarding his state created and protected liberty interest. exhibit 18 thru 28.

Fifth Cause of Action

46. The actions of the defendants stated in paragraphs 17 thru 37 violated state law, pursuant to M.G.L.c. 12, sec. 11 H and 11 I, M.G.L.c. 123A, sec. 6 and 12 (a) and M.G.L.c. 211E, sec. 3 (i)(1996); 120 Code of Mass. Regul. 200.15 (2-7) and 120 Code of Mass. Regul. 300.00 et seq, to the substantive due process and equal protection of law.

47. the plaintiff alleges the defendants violated state law when the defendants acted towards him in a retaliatory and punitive manner, relative to other similarly situated white prisoners, when the defendants in July 2003 granted him a reserve parole with "purgatory catch-22" conditions of release, which the defendants knew in advance of the granted reserve parole release conditions he would not be allowed to meet within the DOC based on unwritten custom and policy practices as a 1974 convicted sex offender, whom the DOC has not granted a level three nonwalled minimum security transfer since September 1997, paragraph 43(a-b), supra, based on gender, and as a vendictive, sadistic and malicious act, which caused psychological cruel and unusual punishment for the plaintiff's prior exercise of protected First Amendment activities to petition the government for the

redress of grievance regarding his state created and protected liberty interest, exhibits 18 thru 28.

48. The actions of the defendants stated in paragraphs 17 thru 37 violated state law of conversion and the regulations of the Massachusetts Parole Board and Department of Corrections, because of the defendants racial and gender based discrimination against the plaintiff, as compared to other similarly situated white prisoners, male and female, and the race and gender of the chairperson of the parole board and commissioner of the Department of corrections, relative to his state created and protected liberty interests.

## VI.                    Prayers of Relief

Wherefore, the plaintiff prays that this Honorable Court grant him the following relief:

a. pursuant to Rule 23 (a) certify this complaint as a class action as the class is so numerous that joinder of all members, black prisoners serving second degree life terms who are similarly situated is impracticable, there are questions of law or fact contained in the complaint common to the class, the claims or defenses of the representative parties are typical of the claims or defenses to the class, and the representative parties will

party and adequately protect the interest of the class, and appoint an attorney to represent the plaintiff and class, pursuant to Rule 23(g) of the Fed. R. Civ. Proced.

b. issue a declaration that the defendants, jointly and individually, actions as described in paragraphs 17 thru 37 of this complaint, relative to the plaintiff's state created and protected liberty interest in parole release as all other similarly situated white prisoners, violated his rights to the substantive due process and equal protection of law, against race and gender based discrimination with animus-attached and against vendictive, sadistic and malicious psychological cruel and unusual punishment of a prisoner, for his past actions of petitioning the government for redress of grievances, in violation of the First, Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C.A. sect. 1983 et seg.

c. issue a declaration that the defendants, jointly and individually, actions as described in paragraphs 17 thru 37 of this complaint, relative to the plaintiff's state created and protected liberty interest in parole release as all other similarly situated white prisoners, violated his rights to the substantive due process and equal protection of law, against race and gender based discrimination with animus-attached and against vendictive, sadistic and malicious

psychological cruel and unusual punishment of a prisoner
for his past actions of petitioning the government for
redress of grievances, in violation of Articles One,
Twelve and Twenty-Four of the Massachusetts
Constitution / Declaration of Rights.

d. issue a declaration that the defendants, jointly
and individually, actions as described in paragraphs 17
thru 37 of this complaint, relative to the plaintiff's
state created and protected liberty interest in parole
release as all other similarly situated white prisoners,
violated his right to the substantive due process
and equal protection of law, against race and
gender based discrimination with animus attached
and against vendictive, sadistic and malicious
psychological cruel and unusual punishment of
a prisoner for his past actions of petitioning the
government for redress of grievance, in violation
of M.G.L.C. 12, sect. 11H and 11I; M.G.L.C. 123A,
section 6 and 12(a)(1996); 120 C.M.R. 200.15 (2-7)
and 120 C.M.R. 300.00 et seg; M.G.L.C. 211E, sect. 3(i).

e. issue an injunction enjoining the defend-
ants, their agents, employees and those who may
be acting in concert with them, as described in
paragraphs 17 thru 37 of this complaint, from
engaging in the unlawful actions, policy practices
and omissions against the plaintiff and all other

pg. 24

similarly situated black prisoners, relative to their state created and protected liberty interest in reserve preparole and parole before release conditions, regarding the substantive due process and equal protection under law.

f. grant the plaintiff(s) compensatory damages in the amount of fifty-thousand ($50,000) dollars against each defendants for their deliberate violation of his federal and state rights under law.

g. grant the plaintiff(s) punitive damages in the maximum amount allowed by law against each defendant for their deliberate violation of his federal and state rights under law.

h. the plaintiff(s) claim his right to a jury trial, under law.

Respectfully submitted by

Dated: May 20, 2006.     H. daif dabree
H. daif dabree W34619, pro se, MCI-Norfolk/P.O. Box 43, Norfolk, Mass. 02056

VII.       Verification Declaration
I, H. daif dabree, hereby verify on oath

according to law, that the following is truthful and accurate to the best of my personal knowledge, observation and beliefs of all facts, averments and exhibits herein-submitted as evidence, and I aver that I am competent to testify to the same in open court if called upon to do so and I have not made or offered this complaint with a jury demand in bad faith or with malice and I sign this verification declaration under the penalties of perjury.

Dated: May 20, 2006        /S/ H. Saif Sabree
                           G. Saif Sabree W34619
                           pro se, MCI-Norfolk,
                           P.O. Box 43, Norfolk,
                           Mass. 02056